## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          JS - 6

| Case No. | **CV 20-9317 FMO (GJSx)** | Date | **October 23, 2020** |
|---|---|---|---|

| Title | **Reginald Smith v. Coca-Cola Bottling Company United, Inc.** |
|---|---|


Present: The Honorable   Fernando M. Olguin, United States District Judge

| Vanessa Figueroa | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff:          Attorney Present for Defendant:

None Present                    None Present

**Proceedings:**          **(In Chambers) Order Remanding Action**

On September 10, 2020, Reginald Smith ("plaintiff") filed a Complaint in the Los Angeles County Superior Court against Coca-Cola Bottling Company United, Inc. ("defendant") asserting state law general negligence and products liability claims. (See Dkt. 1, Notice of Removal ("NOR") at ¶ 1); (id., Exh. A ("Complaint") at ECF 27). On October 9, 2020, defendant removed that action on diversity jurisdiction grounds pursuant to 28 U.S.C. § 1332.[1] (See Dkt. 1, NOR at ¶ 3). Having reviewed the pleadings, the court hereby remands this action to state court for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

### LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 n. 3 (2006). Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 1244 (2006).

"Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the removing defendant] must demonstrate that original subject-matter jurisdiction lies in the federal courts." Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 33, 123 S.Ct. 366, 370 (2002); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that

---

[1]   Although the caption of the NOR refers to § 1331 (federal question jurisdiction), defendant does not refer to § 1331 in the body of the NOR. (See, generally, Dkt. 1, NOR).

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    JS - 6

| Case No. | **CV 20-9317 FMO (GJSx)** | Date | **October 23, 2020** |
|---|---|---|---|

| Title | **Reginald Smith v. Coca-Cola Bottling Company United, Inc.** |
|---|---|

removal is proper.") (internal quotation marks omitted).  If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.[2]  See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

### DISCUSSION

The court's review of the NOR and the attached Complaint makes clear that this court does not have subject matter jurisdiction over the instant matter.  In other words, plaintiff could not have originally brought this action[3] in federal court, as plaintiff does not competently allege facts supplying diversity jurisdiction.[3]  Therefore, removal was improper.  See 28 U.S.C. § 1441(a); Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted).

When federal subject matter jurisdiction is predicated on diversity of citizenship, complete diversity must exist between the opposing parties, and the amount in controversy must exceed $75,000.  See 28 U.S.C. § 1332 [4]; Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996) (stating that the diversity jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant").  Defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold.  See Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004); Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam) ("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold.  Where doubt regarding the right to removal exists, a case should be remanded to state court.") (footnotes omitted).

Here, there is no basis for diversity jurisdiction because defendant has failed to show that the parties are diverse and that the amount in controversy exceeds the diversity jurisdiction

---

[2]  An "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89, 135 S.Ct. 547, 554 (2014).

[3]  Defendant seeks only to invoke the court's diversity jurisdiction.  (See, generally, Dkt. 1, NOR).

[4]  In relevant part, 28 U.S.C. § 1332(a) provides that a district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . . citizens of different States" or "citizens of a State and citizens or subjects of a foreign state[.]"  28 U.S.C. §§ 1332(a)(1)-(2).

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

JS - 6

| Case No. | **CV 20-9317 FMO (GJSx)** | Date | **October 23, 2020** |
|---|---|---|---|
| Title | **Reginald Smith v. Coca-Cola Bottling Company United, Inc.** | | |

threshold of $75,000.  (See, generally, Dkt. 1, NOR).  With respect to diversity of citizenship, defendant does not set forth the citizenship of either party.  (See, generally, id. at ¶ 3).  With respect to the amount in controversy, the amount of damages plaintiff seeks cannot be determined from the Complaint, as the Complaint does not set forth a specific amount, (see, generally, Dkt. 1, Exh. A, Complaint), and defendant does not point to any such claim or request for relief.  (See, generally, NOR).   Indeed, defendant does not even attempt to show that the amount in controversy exceeds the jurisdictional threshold, and appears instead to rely solely on plaintiff's claims as proof, ipso facto, that the amount plaintiff seeks would meet the amount in controversy requirement.  (See id. at ¶ 3).  In other words, defendant did not satisfy its burden of setting forth facts supporting its assertion that the amount in controversy exceeds the jurisdictional threshold.  See 28 U.S.C. 1332(a); Gaus, 980 F.2d at 567 (remanding for lack of diversity jurisdiction where defendant "offered no facts whatsoever. . . . [to] overcome[ ] the strong presumption against removal jurisdiction, [and did not] satisf[y] [defendant's] burden of setting forth . . . the underlying facts supporting its assertion that the amount in controversy exceeds [$75,000].") (internal quotation marks omitted) (emphasis in original).

In sum, given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action, see Gaus, 980 F.2d at 566, the court is not persuaded, under the circumstances here, that defendant has met its burden of showing that the parties are diverse and of proving by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold.  See Matheson, 319 F.3d at 1090 ("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold. Where doubt regarding the right to removal exists, a case should be remanded to state court."); (footnotes omitted); Valdez, 372 F.3d at 1117.

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

## CONCLUSION

Based on the foregoing, IT IS ORDERED that:

1.  The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2.  The Clerk shall send a certified copy of this Order to the state court.

3.  Any pending motion is denied as moot.

Initials of Preparer _____ vdr _____